

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, CDCR #D-11772,<br><br>         Plaintiff,<br><br>vs.<br><br>VINCENT MCSEE, Litigation Coordinator,<br><br>         Defendant. | Case No.: 24-cv-1692-RSH-DEB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff Ferdinand Reynolds, a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights action under 42 U.S.C. §1983. ECF No. 1. Plaintiff claims Defendant refused to allow him to appear at a small claims court hearing via video rather than telephonically as needed to accommodate his hearing disability. ECF No. 1 at 4-6. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2.

1

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they] were] frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here. A court may take judicial notice of its own records, *see Molus v. Swan*, No. 05cv00452-MMA (WMC), 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own docket and other court proceedings available on PACER, the Court finds that, while incarcerated, plaintiff Ferdinand Reynolds, identified as CDCR Inmate #D-11772, has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

(1) *Reynolds v. Garcia, et al.*, Ninth Circuit Appeal No. 04-56808 (Feb. 15, 2005 Order denying appellant's motion to proceed IFP because appeal is frivolous) [Dkt. Entry 5]; (April 1, 2005 order dismissing appeal for failure to prosecute) [Dkt. Entry 8] (strike one)[1];

(2) *Reynolds v. Director of Corrections*, Civil Case No. 5:06-cv-01604-JF (N.D. Cal. Nov. 17, 2008) (order dismissing action for failure to state a cognizable claim for relief) (strike two)[2];

---

[1]   *See Richey v. Dunn*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellate] did not pay the filing fee").

[2]   *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court

(3) *Reynolds v. Major, et al.*, Civil Case No. 3:10-cv-05917-CRB (N.D. Cal. Nov. 17, 2011) (order of dismissal for failing to state a claim) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), he is not entitled to proceed IFP in this action unless he makes a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

Plaintiff does not meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021). In this action Plaintiff seeks damages for Defendant's refusal to allow him to appear at a small claims court hearing via video rather than telephonically in order to lip read as needed to accommodate his hearing disability. ECF No. 1 at 4-6. It is clear Plaintiff has not satisfied the imminent danger of serious physical injury requirement in order to proceed IFP in this case.

## II. Conclusion and Orders

For the reasons set forth above, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2], as barred by 28 U.S.C. § 1915(g);

---

grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).")

2.     **DISMISSES** this civil action without prejudice based on Plaintiff's failure to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

3.     **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

4.     **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: October 25, 2024

*Robert S. Huie*

Hon. Robert S. Huie
United States District Judge